UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GABRIELA GOMEZ,

    Plaintiff,

v.                                   Case No. 20-1009-JWB

WALTER E. SIMMONS, et al.,

    Defendants.

## **ORDER**

This case involves personal-injury claims arising from a motor vehicle collision between a car in which plaintiff was a passenger and a commercial semi-truck in Wichita, Kansas. Plaintiff initially brought claims against Walter E. Simmons, the driver of the semi-truck, and the truck's owner, H & K Cattle and Trucking LLC.[1] Pursuant to Fed. R. Civ. P. 15(a)(2), plaintiff has filed a motion to amend the complaint (ECF No. 24), to add as a defendant Melissa Jackson, the driver of the car in which plaintiff was a passenger. Defendants oppose the motion, arguing the request is futile because plaintiff's claims against Ms. Jackson fail as a matter of law.[2]

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 dictates the court "should freely give

---

[1] ECF No. 1.

[2] ECF No. 26.

O:\ORDERS\20-1009-JWB-24.DOCX

leave when justice so requires."[3]  The decision whether to grant leave to amend a complaint is within the trial court's discretion and will not be disturbed absent an abuse of discretion.[4]

Defendants argue that permitting the addition of Ms. Jackson would be futile.  "A proposed amendment is futile if the amended complaint would be subject to dismissal."[5]  In making this determination, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[6]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]  Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented "enough facts to state a claim to relief that is plausible on its face."[8]

---

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Beach v. Mutual of Omaha Ins. Co.*, 229 F. Supp. 2d 1230, 1233 (D. Kan. 2002) (citing *Woolsey v. Marion Labs, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)).

[5] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Scah. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[6] *Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Little*, 548 F. App'x at 515 (quoting *Twombly*, 550 U.S. at 570).

The court is not persuaded by defendants' futility argument, as the claims against Ms. Jackson are not clearly frivolous on their face. Defendants have filed their designation of comparative fault, designating Ms. Jackson as an individual whose comparative fault they may seek.[9] Accordingly, plaintiff seeks to add Ms. Jackson as a defendant whose fault the jury may find for plaintiff's negligence claims. This case is in its early stages, with discovery not scheduled to end until March 2021. No dispositive motions have been filed. The court will exercise its discretion and grant plaintiff leave to file her proposed amended complaint. Defendants may re-assert their arguments in a dispositive motion filed for decision by the presiding U.S. District Judge, John W. Broomes.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend her complaint (ECF No. 24) is granted. Plaintiff shall file the amended complaint by August 14, 2020.

Dated August 10, 2020, at Kansas City, Kansas.

                                         s/ James P. O'Hara
                                         James P. O'Hara
                                         U.S. Magistrate Judge

---

[9] ECF No. 20.

O:\ORDERS\20-1009-JWB-24.docx