27IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GABRIELA GOMEZ,

        Plaintiff,

v.                              Case No.  20-1009-JWB

WALTER E. SIMMONS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's motion to dismiss without prejudice (Doc. 30). The motion has been fully briefed and the court is prepared to rule. (Doc. 31.)[1] For the reasons stated herein, Plaintiff's motion is GRANTED.

**I.    Facts and Procedural History**

Plaintiff initiated this action in January 2020 by filing suit against Defendant Walter Simmons and H&K Cattle and Trucking, LLC ("H&K"), due to personal injuries arising from a motor-vehicle collision. (Doc. 1.) The accident occurred on February 18, 2019, in Wichita, Kansas. In the accident, Plaintiff was a passenger in a vehicle being driven by Melissa Jackson. According to the allegations in the original complaint, Simmons was driving a commercial vehicle owned by H&K when he rear-ended Jackson's vehicle causing Plaintiff to suffer injuries. (Doc. 1 at 2.) This action was filed under 28 U.S.C. § 1332, alleging that Plaintiff was a citizen of Kansas and Simmons and H&K were citizens of Oklahoma.

---

[1] Plaintiff did not file a reply brief and the time for doing so has now passed.

On June 1, Simmons and H&K filed a designation of comparative fault in accordance with Kansas law. (Doc. 20.) In that designation, they identified Jackson, along with a phantom motorist, as individuals whose comparative fault they sought to compare during trial. They asserted that Jackson was negligent by failing to: 1) maintain a proper lookout, 2) operate her vehicle in a careful and prudent manner, 3) maintain appropriate speed; 4) comply with traffic laws; and/or 5) take evasive action to prevent the accident. (Doc. 20 at 1.) Plaintiff then sought leave to amend her complaint to add Jackson as a defendant. (Doc. 24.) Simmons and H&K objected to the motion on the basis that Plaintiff's allegations failed to state a claim against Jackson. (Doc. 25.) Magistrate Judge O'Hara granted Plaintiff's motion to amend finding that Plaintiff's claim against Jackson was not frivolous and noting that Simmons and H&K have asserted that Jackson was negligent in their comparative fault designation. (Doc. 27 at 3.)

Plaintiff then filed her second amended complaint ("SAC") adding Jackson as a defendant. (Doc. 28.) Jackson is a Kansas citizen and the docket does not reflect that Jackson has been served with the SAC. Plaintiff now moves to voluntarily dismiss this action without prejudice asserting that the SAC is subject to dismissal due to lack of diversity with the addition of Jackson. Simmons and H&K (referred to hereinafter as the "diverse Defendants") oppose the motion, arguing that they will be prejudiced.

**II.    Standard**

After a defendant has filed an answer, as in this case, a plaintiff may voluntarily dismiss an action only upon an order of the Court. Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation omitted). Absent legal prejudice to a defendant, the district court should normally grant a motion

for voluntary dismissal under Rule 41(a)(2).  *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

### III.   Analysis

Plaintiff has moved to voluntarily dismiss this action due to the addition of a non-diverse defendant.  Plaintiff is concerned that her SAC is now subject to dismissal.  The diverse Defendants object to the motion and argue that the court should instead dismiss Jackson as a dispensable nondiverse party.

In ruling on a Rule 41(a)(2) motion, the Tenth Circuit has instructed the court to consider the following "practical" factors: "'the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation.'"  *Brown*, 413 F.3d at 1124 (quoting *Ohlander*, 114 F.3d at 1537)).

The diverse Defendants spend a majority of time arguing whether Jackson is an indispensable or a dispensable party.  If Jackson is an indispensable party, then this court lacks jurisdiction and this matter must be dismissed.  *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003).  The diverse Defendants argue that Jackson is not an indispensable party.  Plaintiff has not filed a reply regarding her position on this issue.  As an alleged joint tortfeasor, Jackson is typically not an indispensable party.  *See Babb v. Mid-Am. Auto Exch., Inc.*, No. 06-2230-CM, 2006 WL 2714273, at *2 (D. Kan. Sept. 22, 2006) ("The Supreme Court stated in *Temple v. Synthes Corp.*, [498 U.S. 5, 7 (1990)] that '[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.'").  This court has routinely determined that a joint tortfeasor is not an indispensable party because complete relief can be accorded among the current parties and her presence is not required for the current

Defendants' liability to be limited under K.S.A. § 60-258a. *See, e.g., Greenwood v. McDonough Power Equip., Inc.*, 437 F. Supp. 707, 709-15 (D. Kan. 1977). In this matter, there are no arguments supporting a finding that Jackson is an indispensable party; therefore, the court finds that Jackson is not an indispensable party.

The diverse Defendants argue that because Jackson is not an indispensable party the court should dismiss Jackson pursuant to Rule 21 to cure the jurisdictional defect. (Doc. 31 at 2); *Achee-Sharp v. Lenexa Real Estate PortfolioPartners, LLC*, No. 19-2100-KHV, 2019 WL 6217048, at *2 (D. Kan. Nov. 21, 2019) (quoting *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011)). When faced with the addition of a non-diverse defendant, instead of substitution of a party under Rule 25, by the filing of an amended complaint, the court will typically dismiss the nondiverse defendant or require Plaintiff to file an amended complaint and remove the nondiverse defendant to cure the jurisdictional defect. *See Achee-Sharp*, 2019 WL 6217048 at *2; *Bishop v. Moore*, No. CIV. A. 99-2275-GTV, 2000 WL 246583, at *2 (D. Kan. Feb. 4, 2000) (discussing that diversity jurisdiction is not destroyed upon the substitution of a party under Rule 25). Here, Plaintiff seeks voluntary dismissal of the entire action, but the diverse Defendants seek dismissal of Jackson. Based on the standard set forth by the Tenth Circuit regarding voluntary dismissals, the court finds that Plaintiff has clearly provided a sufficient explanation to dismiss the entire action. Clearly, Plaintiff seeks to proceed in state court against all defendants which is not possible in this forum. The diverse Defendants object because they have been proceeding in this forum for several months and prefer to have this case remain in this court. The diverse Defendants have not shown that they will suffer prejudice from a dismissal without prejudice, however.

Viewing the docket sheet, this case remains in the early stages of discovery. While the parties have exchanged document discovery, there is no indication from the record that any depositions have been conducted. Discovery remains open until March 31, 2021, and the pretrial order is due in April 2021. (Doc. 15.) Plaintiff has recently been allowed to amend her complaint to add an additional party which will result in more discovery. Plaintiff has not engaged in excessive delay or shown a lack of diligence. Rather, Plaintiff moved to amend and add Jackson after the filing of the diverse Defendants' comparative fault designation. There is no evidence of delay.

Notably, "prejudice does not arise simply because a second action has been or may be filed against the defendant...." *Brown*, 413 F .3d at 1124 (citation omitted). Also, the fact that Plaintiff will more than likely refile this matter in state court does not amount to prejudice, "especially when state law is involved." *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1413 (10th Cir. 1991).

The court finds that Plaintiff has been diligent and provided a sufficient explanation for dismissal. The factors weigh in favor of granting Plaintiff's motion to dismiss, without prejudice.

**IV.    Conclusion**

Plaintiff's motion (Doc. 30) is GRANTED. This matter is dismissed, without prejudice. IT IS SO ORDERED. Dated this 7th day of October 2020.

                                                                                     s/ John W. Broomes  
                                                                                     JOHN W. BROOMES  
                                                                                     UNITED STATES DISTRICT JUDGE